Ronald Lee **KING**, Appellant,

v.

The **STATE of Oklahoma**, Appellee.

No. **F–77–754.**

Court of Criminal Appeals of Oklahoma.

June 14, 1978.

John R. Sprowls, Pauls Valley, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Presiding Judge:

Appellant, Ronald Lee King, hereinafter referred to as the defendant, was charged, tried and convicted in the District Court, Carter County, Case No. CRF–76–237, for the offense of Attempted Robbery by Force or Fear, in violation of 21 O.S.1971, § 791. His punishment was fixed at four (4) years' imprisonment with all but the first twelve months suspended. From said judgment and sentence, a timely appeal has been perfected to this Court.

At the non-jury trial, Eunice (Dude) Bishop, age seventy, testified that on December 9, 1976, she left her house at 5:30 a. m. to go to work. As she entered her garage she heard a noise. She associated the noise with that caused by a dog. She struck the back of her car and said "get out of here." [Tr. 8] A "thing" lunged at her and grabbed at her purse. She wrapped her hands around the purse strap and resisted. She observed three hands pulling on the purse. The strap broke and one of the assailants shoved her down, but she retained the purse. She testified that she could not identify the two individuals because their faces were covered. She received bruises to her hand and arm from the struggle.

Deputy Sheriff James Hunt testified that he had a conversation with the defendant on December 12, 1976. He advised the defendant of his *Miranda* rights, who acknowledged that he understood the same. The defendant gave a written statement wherein he admitted to attempting to grab the purse from Dude Bishop.

Deputy Sheriff Dean Plank testified that he also had a conversation with the defendant on December 12, 1976. The defendant was again advised of his *Miranda* rights. Defendant admitted participating with another person in attempting to steal the purse from Dude Bishop.

Defendant asserts in his first assignment of error that the evidence does not support a conviction for the offense of attempted robbery by force or fear, but rather that of attempted larceny from a person. Defendant argues that the State totally failed to prove sufficient force or fear to constitute the offense of attempted robbery, citing as authority *Marks v. State*, 69 Okl.Cr. 330, 102 P.2d 955 (1940). We have carefully examined *Marks*, supra, and are of the opinion that the same is clearly distinguishable from the instant case. In *Marks*, two young girls, age 13 and 14, took a billfold from an adult male victim. One of the girls punched the victim in the front while the other removed money from his billfold. The victim did not know the money was missing until the girls had left the scene.

In the instant case, the defendant, who was in his early twenties, and his associate jumped out of a darkened garage and "clawed at the seventy-year-old victim's purse." When it became apparent that one of the assailants could not remove the purse from the victim's grasp, the second assailant joined the fracas. The taking was not successful only because of the determined resistance of the victim and because the strap of the purse broke.

In discussing the distinction between larceny and robbery in the early case of *Monaghan v. State*, 10 Okl.Cr. 89, 134 P. 77 (1913), this Court stated:

"The larcenous taking of property from the person of another constitutes grand larceny, except when the taking is accomplished by either force or by putting in fear; it is then robbery. Says Bishop: 'Every robbery requires either actual violence inflicted on the person robbed, or such demonstrations or threats as under the circumstances create in him reasonable apprehension of bodily injury.' 2 Bish.New Cr.Law, par. 116. Says Wharton: 'The snatching a thing is not considered a taking by force, but if there be a struggle to keep it, or any violence, or disruption, the taking is robbery, the reason of the distinction being that, in the former case, we can infer neither fear nor the intention violently to take in face of resisting force.' * * * All the force that is required to make the offense a robbery is such force as is actually suffi-

**166**

cient to overcome the victim's resistance. . . ."

We thus conclude that there was sufficient evidence of violence to the person to establish the offense of attempted robbery and therefore, find this assignment of error to be without merit.

In view of our finding in the first assignment of error, we need not and do not address the defendant's second and final assignment of error which is predicated on the proposition that the evidence did not support a conviction of robbery by force or fear.

For the above and foregoing reasons, the judgment and sentence of the trial court is hereby AFFIRMED.

CORNISH and BRETT, JJ., concur.